# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIFT DIVINE ALLAH, | 1:11-cv-00872-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 |
| v. | |
| P. PATTERSON, et al., | (Doc. 11.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

**I.    RELEVANT PROCEDURAL HISTORY**

Gift Divine Allah ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on May 31, 2011.  (Doc. 1.)

The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and entered an order on January 24, 2012, dismissing the Complaint for failure to state a claim, with leave to amend.  (Doc. 10.)  On February 13, 2012, Plaintiff filed an Amended Complaint, which is now before the Court for screening.  (Doc. 11.)  This screening was referred to the undersigned Magistrate Judge.

**II.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal 129 S.Ct. at 1949. While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**III.   PLAINTIFF'S CLAIMS**

It is unclear from the Amended Complaint when or where the events at issue in this lawsuit occurred. Plaintiff names as defendants Magistrate Judge Gary S. Austin, Clark Kelso, the Secretary of the CDCR, the Chief of Inmate Appeals, the Warden of Wasco State Prison, and Parole Agent Collier. Plaintiff's Amended Complaint consists of a rambling narrative, largely consisting of conclusory legal arguments. Plaintiff appears to allege that his inmate appeals are not being properly addressed, that a parole agent delayed his mail, and that the Mail Room Sergeant at Wasco State Prison improperly returned his mail to the Court as undeliverable. Plaintiff requests as relief a court order "to show cause that the Federal Receiver is not doing his fiduciary duty."

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal

law. <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006).  To state a claim, the complaint must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Fed. R. Civ. P. 8(a); <u>Iqbal</u>, 129 S.Ct. at 1948-49;  <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  A person deprives another of a constitutional right, where that person "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)).  The "requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury."  <u>Johnson</u> at 743-44.

Upon review of the Amended Complaint, the Court finds that even under liberal pleading standards, Plaintiff has not alleged facts showing participation by any defendant in an act resulting in a violation of Plaintiff's constitutional rights.  Therefore, Plaintiff fails to state any claims in the Amended Complaint.

### III.      CONCLUSION AND RECOMMENDATIONS

The Court has screened Plaintiff's Amended Complaint and finds that Plaintiff fails to state any claims upon which relief can be granted under § 1983 against any of the defendants. In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court.  Plaintiff has now filed two complaints without alleging facts against any of the defendants which state a claim under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, the Court HEREBY RECOMMENDS that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be dismissed with prejudice for failure to state a claim upon which relief may be granted under § 1983; and

2. This dismissal be subject to the "three-strikes" provision set forth  in 28 U.S.C. § 1915(g).  <u>Silva v. Vittorio</u>, 658 F.3d 1090, 1098 (9th Cir. 2011).

1  These findings and recommendations are submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty days**
3  after being served with these findings and recommendations, Plaintiff may file written objections
4  with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings
5  and Recommendations."  Plaintiff is advised that failure to file objections within the specified time
6  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
7  1991).

8  IT IS SO ORDERED.

9  **Dated:   June 18, 2012**                    /s/ **Barbara A. McAuliffe**
                                                 UNITED STATES MAGISTRATE JUDGE